822 So.2d 739 (2002)
Isiah and Diane MATTHEWS
v.
Salvador MADDIE, Jr., Central Fire Protection District No. 4, and American Alternative Insurance Corporation
No. 2001 CA 1535.
Court of Appeal of Louisiana, First Circuit.
June 21, 2002.
Rehearing Denied August 21, 2002.
Leo J. D'Aubin, Baton Rouge, Counsel for Plaintiffs/1st Appellants Isiah and Diane Matthews.
Henry D.H. Olinde, Jr., Baton Rouge, Counsel for Defendants/Appellees and 2nd Appellants Salvador Maddie, Jr., Central Fire Protection District No. 4, and American Alternative Insurance Corp.
Before: CARTER, C.J., PARRO and CLAIBORNE,[1] JJ.
CLAIBORNE, J.
This case arises from an intersectional collision between an emergency vehicle responding to an emergency call and plaintiff's *740 vehicle. All parties appeal the judgment of the trial court finding each driver to be 50% at fault in the accident and awarding damages to plaintiffs, Isiah Matthews and his wife, Diane Matthews. For the reasons assigned below, we reverse the trial court judgment.

FACTS
On August 5, 1997, Isiah Matthews (plaintiff), was driving his pickup truck north in the inside (left) lane of Plank Road in East Baton Rouge Parish. As he approached the intersection with Comite Drive, plaintiff observed that he had a green light. Plaintiff had the windows of his vehicle rolled down, the radio was turned off, and he was conversing intermittently with his passenger, Gwen Richardson. Plaintiff did not hear a siren, see flashing lights, or observe that traffic around the intersection he was approaching had stopped.
At approximately the same time, Salvador Maddie, Jr. (defendant), a volunteer fireman with special technical rescue training, was driving an emergency rescue unit vehicle[2] west on Comite Drive, approaching the intersection with Plank Road. Defendant was responding to an emergency call requiring a rescue. Another emergency vehicle driven by Fire Chief William Porche was following defendant. Both emergency vehicles had their red flashing lights and sirens engaged.
As defendant approached the intersection, he slowed and eased around the vehicles stopped in front of him at a red light facing the westbound drivers on Comite Drive. Defendant observed that the vehicles in front of him had pulled off to the right side of the road as much as possible, and the northbound right lane and both southbound lanes of traffic on Plank Road had stopped, yielding to the emergency vehicles even though they had a green light. In order to get around the stopped traffic in his lane of travel, defendant crossed the center line of Comite Drive and proceeded west in the eastbound lane. He came almost to a complete stop before driving approximately two to three miles per hour, easing the emergency vehicle into the intersection. It was at this point that plaintiffs pickup truck entered the intersection at approximately 40 miles per hour. A collision occurred between plaintiffs vehicle and defendant's emergency vehicle, causing the emergency vehicle to spin around 180 degrees. Plaintiffs vehicle stopped in the median of Plank Road after propelling through the intersection. Each driver failed to see the other until immediately before impact. One witness, who occupied the lead car that defendant maneuvered around before entering the intersection, saw plaintiffs vehicle approaching the intersection. Plaintiff and his wife brought suit against defendant for personal injuries.

TRIAL COURT ACTION
After a bench trial, the trial court assessed both drivers with comparative fault of 50% and then awarded damages to plaintiffs. In its oral reasons for judgment, the trial court specifically found that there was no "reckless disregard" on the part of the emergency vehicle driver in this case; however, the trial court found that each driver negligently failed to see the other vehicle. All parties appealed the trial court judgment, contending that the trial court was manifestly erroneous in its assessment of fault. In addition, plaintiffs allege the trial court's award of damages *741 was abusively low because of evidence that plaintiff was in need of future back surgery.

LAW AND ANALYSIS
La. R.S. 32:24 prescribes the privileges and duties of the driver of an emergency vehicle, and provides, in pertinent part, as follows:
A. The driver of an authorized emergency vehicle, when responding to an emergency call, ... may exercise the privileges set forth in this Section, but subject to the conditions herein stated.
B. The driver of an authorized emergency vehicle may:
* * *
(2) Proceed past a red or stop signal or stop sign, but only after slowing down or stopping as may be necessary for safe operation;
* * *
(4) Disregard regulations governing the direction of movement or turning in specified directions.
C. The exceptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of audible or visual signals sufficient to warn motorists of their approach....
D. The foregoing provisions shall not relieve the driver of an authorized vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.
(Emphasis added.)
The corresponding statute regarding the duty of other motorists to emergency vehicles is La. R.S. 32:125, which states, in pertinent part:
A. Upon the immediate approach of an authorized emergency vehicle making use of audible or visual signals,... the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the righthand edge or curb of the highway clear of any intersection, and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.
* * *
C. This Section shall not operate to relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons using the highway.
(Emphasis added.)
A recent supreme court case, Lenard v. Dilley, XXXX-XXXX (La.1/15/02), 805 So.2d 175, interpreted the proper standard of care as found in La. R.S. 32:24, which is to be applied to an emergency vehicle driver. The court noted that Louisiana's emergency vehicle statute sets forth the standard of care in subsection D, and that the applicable standard of care for emergency vehicle drivers has been the subject of much debate. The court found that the use of "due regard" and "reckless disregard" in the same sentence has caused confusion in the jurisprudence, but the use of both terms is not necessarily inconsistent. See Lenard, XXXX-XXXX at 5-6, 805 So.2d at 179-180. The court also discussed the legislative intent to recognize the obvious high social value placed on protection and rescue efforts when it set forth the circumstances for application of the reckless disregard standard versus the *742 ordinary negligence standard. See Lenard, XXXX-XXXX at 7, 805 So.2d at 180.
In the Lenard decision, the supreme court held that La. R.S. 32:24(D) sets out two standards of care for emergency vehicle drivers, depending on the circumstances. The court stated:
If, and only if, an emergency vehicle driver's actions fit into subsections A, B and C of La.Rev.Stat. 32:24, will an emergency vehicle driver be held liable only for actions which constitute reckless disregard for the safety of others. On the other hand, if the emergency vehicle driver's conduct does not fit subsections A, B and C of La.Rev. Stat. 32:24, such driver's actions will be gauged by a standard of "due care."
"Due care" is synonymous with ordinary negligence. "Reckless disregard," however, connotes conduct more severe than negligent behavior. "Reckless disregard" is, in effect, "gross negligence." Gross negligence has been defined by this court as "the want of even slight care and diligence. It is the want of that diligence which even careless men are accustomed to exercise." "Reckless disregard" or "gross negligence" is the standard to be applied if the emergency vehicle driver's actions fit La.Rev.Stat. 32:24(A) through La.Rev.Stat. 32:24(C). Otherwise, the standard is ordinary negligence.
Lenard, XXXX-XXXX at 6-7, 805 So.2d at 180. (Citations omitted and emphasis added.)
Applying the Lenard analysis to the facts of the instant case, we must determine whether the provisions of La. R.S. 32:24(A) through (C) apply, and if they do, then the defendant may be held liable only for conduct which constitutes a reckless disregard for the safety of others. Our review of the evidence supports the trial court's finding that the provisions of La. R.S. 32:24(A) through (C) are met in this case. Defendant was responding to an emergency call when he slowed down to determine if it was safe to proceed. He then proceeded past a red stop signal into an oncoming lane of travel. The evidence revealed defendant was making use of audible and visual signals sufficient to warn motorists of his approach. The evidence showed that defendant was driving slowly and cautiously.
We agree with the trial court that there was no evidence that defendant displayed a reckless disregard for the safety of others. Defendant eased into the intersection only after coming to an almost complete stop. He observed traffic all around the intersection to be yielding to his emergency vehicle as he slowly pulled into the intersection. While defendant's failure to see plaintiff's vehicle approaching at 40 miles per hour as he entered the intersection may have constituted ordinary negligence, defendant's actions do not rise to the level of gross negligence or a reckless disregard for the safety of others. Therefore, there was no manifest error in the trial court's finding that there was no reckless disregard for the safety of others on the part of the emergency vehicle driver. Without a finding of reckless disregard, defendant cannot be held at fault for plaintiffs damages, because defendant's actions fit into subsections A, B, and C of La. R.S. 32:24. Thus, the trial court's assessment of 50% fault as to defendant was in error.[3]

CONCLUSION
We are mindful that the Lenard decision was decided after the trial court rendered *743 judgment in this case. Nevertheless, we are bound to follow the Louisiana Supreme Court's recent interpretation of La. R.S. 32:24. Therefore, we must reverse the trial court's judgment assessing fault and liability to Salvador Maddie, Jr., Central Fire Protection District No. 4, and American Alternative Insurance Corporation. We need not consider the remaining assignments of error concerning the percentage of fault assessed to plaintiff or the amount of damages awarded. Costs of this appeal are to be paid by plaintiffs, Isiah and Diane Matthews.
REVERSED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.
[2] The emergency vehicle was owned by the Central Fire Protection District No. 4 and was insured by American Alternative Insurance Corporation. The insurer and fire district, along with the driver of the vehicle, were all made defendants.
[3] While this result may seem unfair to plaintiff, who had a green light, we note that other vehicles on Plank Road had stopped in order to allow the emergency vehicle to proceed through the intersection. Plaintiff should have observed this, even if he did not hear the siren or see the flashing lights.